### Louis Oswald, Defendant in Error, v. Marcus D. Hexter, Plaintiff in Error.

1. MORTGAGES, § 32*—*when evidence sufficient to show deed was intended as a mortgage.* On bill filed to have certain deeds and assignments, absolute in form, declared to be in the nature of a mortgage and for an accounting, findings of trial court that certain transfers were intended as security in the nature of a mortgage and that others were gifts in the nature of family settlements, *held* sustained by the evidence.

2. FRAUDS, STATUTE OF, § 48*—*when parol agreement sufficient to show absolute deed a mortgage.* To prove that an absolute deed is in the nature of a mortgage, a parol agreement is sufficient when it is established to the satisfaction of the court to take the case out of the statute of frauds.

Error to the Circuit Court of Greene county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913. *Certiorari* denied by Supreme Court (making opinion final).

FRANK A. WHITESIDES and ALBERT SALZENSTEIN, for plaintiff in error.

J. M. RIGGS and THOMAS HENSHAW, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery filed in the Circuit Court of Green county by the defendant in error against Marcus D. Hexter, Lena Hexter, Herman Oswald and others. The bill alleges that the defendant in error was on November 28, 1904, indebted in the sum of $9,000; that he was the owner at the time of 40 acres of land, a residence, a business building in Whitehall, eight thirty-fifths interest in 56.40 acres and ten two-hundred tenths interest in 23.78 acres of land situated in St. Clair county, Illinois, and a real estate mortgage for $2,140, all of the value of $20,000 over and above any incumbrances; that Marcus D. Hexter and

Herman Oswald and Lena Hexter were desirous of obtaining the title to the defendant in error's property, thereby getting said property out of his name and control, and to convert the same to their use and benefit; that the defendant in error did not, at said time or for months thereafter, know of the design and purpose of the plaintiff in error to strip and deprive him of the fee title of his property; that while the defendant in error was worried and anxious as to the condition of his wife, who was sick with an incurable disease, the said Marcus D. Hexter, Lena Hexter and Herman Oswald falsely represented to him that his creditors were intending to bring suits against him, and that his property would be sacrificed and wasted by judgment, execution and sale; that Marcus D. Hexter, with the knowledge and approval of Lena Hexter and Herman Oswald, proposed to the defendant in error that he would pay the indebtedness of the defendant in error, if the defendant in error would secure him by assigning and conveying all of the said property to said Marcus Hexter, Lena Hexter and Herman Oswald, such deeds and assignments to stand as a mortgage to secure the said Hexter for the amount paid out by him on said indebtedness, and save the remainder of the property for the defendant in error; that after the debts had been paid the remainder of the property would be returned to the defendant in error; that in pursuance of the said agreement, and for the purpose aforesaid, he did assign and convey the said property to them; that after the conveyances and assignments aforesaid the said plaintiff in error received from the sale of the said property and collection of the said debts, the sum of $13,608, which said sum is largely in excess of the amount paid out under the agreement; that the representations made by the said Marcus D. Hexter, Lena Hexter and Herman Oswald to the defendant in error that his creditors were intending to bring suit were not true and were known by the plaintiff in error to be

false when made, but were used as a means to get the property of the defendant in error in their names, and that said plaintiff in error now claims that both the conveyances and the assignments were absolute and not in the nature of a mortgage, and refuse to account to the defendant in error for the proceeds of the sale of said property and the collection of said debts, and also refuse to reconvey the unsold real estate or re-. assign said property to the defendant in error.

The bill prayed for an accounting and a return of the unsold property. A joint answer was filed by said Marcus D. Hexter, Lena Hexter and Herman Oswald, and admits that the defendant in error was indebted in the sum of $9,000; that he owned the property described in the bill, but deny that they made any false representations to the defendant in error to induce him to convey the property to them, but aver that the residence in Whitehall was deeded to Lena Hexter as a gift, and that the business property in said city was deeded to Herman Oswald as a gift, both of said gifts being in the nature of a family settlement; that the remainder of the property was deeded and assigned to Marcus D. Hexter and Herman Oswald in consideration that they would pay certain debts of the defendant in error, and that the deeds were not understood to be mortgages, but were absolute conveyances, without any agreement or understanding that any part was to be returned.

Upon a hearing the court found that on the 28th day of November, 1904, Marcus D. Hexter assumed and agreed to pay the indebtedness of the defendant in error, and that in order to secure the said Hexter in paying said debts the defendant in error and his wife conveyed to Marcus D. Hexter and Herman Oswald the forty acres of land in Greene county, subject, however, to a joint and several life estate in the grantors; that said deed, though absolute in form, was in the nature of a mortgage to secure said Hexter for such sums of money as he should pay in the discharge of the

debts of the defendant in error; that at the same time the defendant in error assigned and transferred his interest in certain real estate in St. Clair county to Marcus D. Hexter and Herman Oswald, and that said assignment and transfer was in the nature of a mortgage, to further secure the said Hexter for the discharge of the indebtedness of defendant in error. The court further found that the deeds of conveyance made by the defendant in error to the business property at Whitehall to Herman Oswald, and the residence property to Lena Hexter, were gifts in the nature of a family settlement, both of said conveyances, however, being subject to a life estate reserved to the grantors, but the court further held that the defendant in error's life estate in the property conveyed to Lena Hexter was not involved in this cause, and the bill was dismissed as to Lena Hexter without prejudice.

The decree further found that Marcus D. Hexter and Herman Oswald should be required to account to the defendant in error for all moneys received by them, or either of them, arising from the sale of the lots or lands in St. Clair county, and also for all moneys received by them, or either of them, on the mortgage for $2,140, executed by Peter Kinser; that they be required to render an accounting showing what moneys they, or either of them, paid out on the indebtedness of the defendant in error, to whom paid, when paid and all sums paid out by them for taxes or insurance on the said mortgaged property; that Lena Hexter is a daughter and Herman Oswald a son of the defendant in error; that on account of the family relationship the defendant in error placed trust and confidence in said Marcus D. Hexter and Herman Oswald, and conveyed the Greene county land and assigned and transferred his interest in the St. Clair county property and in the Kinser mortgage to them, and that said conveyances and assignments were made to secure the said Hexter as aforesaid, and are in the nature of mortgages; that the defendant in error should be allowed

to redeem the forty acres of land in Greene county and the unsold equities in the St. Clair county real estate, upon the payment to Hexter and Oswald of whatever sum shall be found, upon an accounting, to be due to them; it was further decreed that upon an accounting said Marcus D. Hexter and Herman Oswald shall be charged with all moneys received by them, or either of them, from the proceeds of all of said property and for the amount received from the Kinser note and mortgage.

From this decree this writ of error was sued out, and all of the findings of the decree are questioned by the respective parties assigning upon the record, errors and cross-errors.

The principal issue presented for determination in this case is one of fact, i. e., whether the transfers of the property mentioned in the defendant in error's bill were intended to convey to the grantees therein the absolute title to the property.

We think the evidence is abundant to show that the agreement entered into by these parties was not intended to convey the property absolutely, but was to indemnify said Hexter against loss in the payment of certain debts of the defendant in error, as to all of the property, except the business and residence property in Whitehall, conveyed to Herman Oswald and Lena Hexter, respectively.

While there is a conflict in the testimony, and many circumstances tending to show that as to these two pieces of property they were also intended to be security for the payment of the debts of the defendant in error, yet, we are not able to say that the allegations of the bill of the defendant in error have been supported by a preponderance of the evidence upon this question. The chancellor saw the witnesses and heard their evidence and was in a superior position to judge of the worth and credibility of their various statements. The chancellor found these two pieces of property were conveyed to the two children of the defend-

ant in error and were in the nature of a family settlement and to equalize these two children with another child to whom gifts had before then been made. We are inclined to the opinion that this finding was supported by the evidence.

The conveyances of the other property, being in the nature of a mortgage, could not pass absolute title to the plaintiffs in error, although, in form deeds, they were in fact intended to be mortgages.

Section 12 of chapter 95, R. S. (J. & A. ¶ 7587) provides: "Every deed conveying real estate, which shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage."

" 'If confidence is reposed, it must be faithfully acted upon and preserved from any intermixture of imposition. If influence is acquired, it must be kept free from the taint of selfish interest and cunning and over-reaching bargains.' (1 Story's Eq. Jur. sec. 308.) Where a person is entrusted as a confidential agent with a conduct of business where he professes not to act for himself, but for others who have placed their confidence in him, he is disabled in equity, even though he may be a volunteer, from dealing in the matter of his agency on his own account. 'The agency being established, he will be compelled to transfer the benefit of his contract, although he may swear he purchased on his own account.' (*Dennis v. McCagg,* 32 Ill. 429.) The rule applies not only to persons standing in a direct fiduciary relation towards others, but also to those who occupy any position out of which a similar duty ought, in equity and good morals, to arise." *Conant v. Riseborough,* 139 Ill. 383.

It is contended by the plaintiff in error that the mere refusal of a trustee to execute an express trust does not constitute such fraud as takes the case out of the statutes of frauds.

A parol agreement is sufficient, in this character of

case, when established to the satisfaction of the court, to take the case out of the effect of the statute of frauds. *Reigard v. McNeil,* 38 Ill. 401.

A careful review of all of the evidence preserved in this record leads us to believe that the decree of the Circuit Court should be sustained. It is sound in principle and seems to be an equitable adjustment of the rights of the parties.

The decree is, therefore, affirmed.

*Affirmed.*